**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SENECA IP LICENSING LLP<br><br>       Plaintiff,<br><br>   vs.<br><br>OKI DATA AMERICAS, INC.<br><br>      Defendant. | **Civil Action No. 2:17-cv-687-RWS-RSP** |

**DEFENDANT OKI DATA AMERICAS, INC.'S MOTION TO DISMISS
OR TRANSFER THE COMPLAINT FOR IMPROPER VENUE**

Pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406, Defendant Oki Data Americas, Inc. ("ODA") moves to dismiss Plaintiff Seneca IP Licensing LLP's ("Seneca") Complaint for improper venue.  Because ODA is incorporated in Delaware, it does not "reside" in Texas within the meaning of 28 U.S.C. § 1400(b).  Further, ODA does not have a "regular and established place of business" in this district.  Accordingly, venue is not proper in this district and this case should be dismissed or, in the alternative, transferred to the District of Delaware.

## BACKGROUND

Seneca has sued ODA for allegedly infringing seven patents.  (Dkt. No. 1).  Seneca acknowledges that ODA is a Delaware corporation.  (*Id*., ¶ 2). Seneca does not allege that ODA has its headquarters, principle place of business or any physical location within this district. Instead, Seneca bases its venue allegations on the presence of two "authorized resellers" of ODA's products. (*Id.*, ¶¶ 3-7).

ODA has no place of business or office in the Eastern District of Texas. (Zolty Declaration, ¶ 2).  ODA does not operate any facilities in the Eastern District of Texas. (*Id.*, ¶ 4).

ODA does not own, lease, or maintain any real property in the Eastern District of Texas. (*Id.*, ¶ 5).  ODA does not operate any distribution centers or own any retailers in the Eastern District of Texas.  (*Id.*, ¶ 6).  ODA does not store any product in the Eastern District of Texas. (*Id.*, ¶ 7).

## STANDARD OF REVIEW

A case that has been brought in the wrong district shall be dismissed or, in the interests of justice, transferred to a district in which venue is proper.  *See* 28 U.S.C. § 1406(a).  Although the decisions are not uniform, numerous prior decisions from this Court have held that "[o]nce a defendant raises a 12(b)(3) motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff."  *ATEN Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 120 (E.D. Tex. 2009); *see also Elbit Sys. Land v. Hughes Network Sys., LLC*, No. 2:15-cv-37-RWS-RSP, 2016 WL3675590, at *2 (E.D. Tex. Mar. 30, 2016); *Transamerica Adjusters, Inc. v. Huntington Nat'l Bank*, No. 2:13-cv-668, 2014 WL 12685938, at *2 (E.D. Tex. Aug. 5, 2014); *Watts v. L-3 Commc'ns Corp.*, No. 2:12-cv-28-JRG, 2012 WL 4480721, at *1 (E.D. Tex. Sept. 26, 2012); *Payne v. Grayco Cable Servs., Inc.*, No. 1:11-cv-487, 2011 WL 13076902, at *2-3 (E.D. Tex. Dec. 8, 2011); *Principal Tech. Eng'g, Inc. v. SMI Cos.*, No. 4:09-cv-316, 2009 WL 4730609, at *2 (E.D. Tex. Dec. 8, 2009); *Norsworthy v. Mystik Transp., Inc.*, 430 F. Supp. 2d 631, 633 (E.D. Tex. 2006); *Langton v. Cbeyond Commc'n, L.L.C.*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003).  These decisions are in accord with the leading commentator on federal procedure and decisions from other courts.[1]  *See* 14D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3826 & nn.23-26 (2017) (collecting cases).

---

[1]   Because venue in patent cases is an issue unique to patent law, which party bears the burden of proof should be determined by the Federal Circuit, not governed by regional circuit law.  *See In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) (patent venue is an issue unique to patent law).

## ANALYSIS

Under 28 U.S.C. § 1400(b), which exclusively governs venue in patent cases, venue is proper either in the district in which the defendant "resides" or in which it has committed acts of infringement and has a "regular and established place of business." *See TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017).  Seneca has not satisfied either of these provisions.

## I.   ODA DOES NOT RESIDE IN THE EASTERN DISTRICT OF TEXAS

A domestic corporation resides only in the state in which it is incorporated.  *See id*. at 1517.  It is undisputed that ODA is incorporated in Delaware and therefore does not "reside" in Texas under § 1400(b).  (Dkt. No. 1, ¶ 2); *see also* Zolty Decl. ¶ 3 (Ex. A)).

## II.   ODA DOES NOT HAVE A REGULAR AND ESTABLISHED PLACE OF BUSINESS IN THE EASTERN DISTRICT OF TEXAS

The Federal Circuit recently set forth a three-part test for analyzing whether a defendant has a "regular and established place of business" in a district: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re: Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).  Subsequent to *Cray*, courts are rejecting the argument that distributers constitute a  regular and established place of business. In *Symbology Innovations, LLC v. Lego Sys., Inc*., --- F. Supp. 3d ---, 2017 WL 4324841, at *1 (E.D. Va. Sept. 28, 2017), the court found venue improper as to Lego Systems based on Lego retail stores owned by its subsidiary. *See also Cao Lighting, Inc. v. Light Efficient Design*, No., 2017 WL 4556717, at *3 (D. Id. Oct. 11, 2017) (finding that physical locations of defendant's partner distributors are not the regular and established places of business of defendants).  "For the Lego Stores to serve as the 'regular and established place of business' permitting venue in this District, Lego Systems and Lego Brand Retail must lack formal

corporate separateness." *Symbology*, 2017 WL 4324841, at *10; *cf., BillingNetwork Patent, Inc. v. Modernizing Medicine, Inc.,* 2017 WL 5146008, *2-3 (N.D. Ill., Nov. 6, 2017) (lack of physical presence is controlling, rejecting argument that 5 employees live in district.).

Plaintiffs' complaint **does not (and cannot)** allege that ODA has any physical address within the Eastern District of Texas. (*See* Dkt. No 1; *see also* Zolty Decl. (Exhibit A, hereto)). Rather, Seneca has based its venue allegation on the presence of "authorized resellers"—*i.e.*, independent third-party entities. (*See* Dkt. No 1, ¶¶ 3-7). Those authorized retailers, however, are not ODA businesses. They are local third party businesses that purchase and resell ODA products. As such, they do not satisfy the third prong of the *Cray* test. *Cray,* 871 F.3d at 1360.

ODA has no place of business or office in the Eastern District of Texas. (Zolty Decl., ¶ 2). ODA does not operate any facilities in the Eastern District of Texas. (*Id.*, ¶ 4). ODA does not own, lease, or maintain any real property in the Eastern District of Texas. (*Id.*, ¶ 5). ODA does not operate any distribution centers or own any retailers in the Eastern District of Texas (*Id.*, ¶ 6). ODA does not store any product in the Eastern District of Texas. (*Id.*, ¶ 7). Accordingly, Seneca's argument that independent third party local business constitute a regular and established place of business for ODA fails under the Federal Circuit's test in *Cray*. 871 F.3d at 1360. Whatever physical location those independent third party local businesses may or may not have in this district is irrelevant to the venue analysis since any such location is not "the place of the defendant." *Id*. There simply is no basis for finding venue proper in this District.

## CONCLUSION

For the foregoing reasons, ODA respectfully requests that the Court dismiss Seneca's Complaint for improper venue. Alternatively, the Court should transfer this case to the District of Delaware, where it could originally have been brought.

Dated:  December 21, 2017                    Respectfully submitted,

                                             /s/ *Marc R. Labgold*
                                             Marc R. Labgold, Ph.D.
                                             mlabgold@labgoldlaw.com
                                             NAGASHIMA, HASHIMOTO & YASUKUNI
                                             12005 Sunrise Valley Drive, Suite 203
                                             Reston, Virginia 20191
                                             Tel:  (703) 901-8860
                                             Fax:  (877) 401-9955

                                             Melissa R. Smith, Texas Bar No. 24001351
                                             melissa@gillamsmithlaw.com
                                             GILLAM & SMITH, LLP
                                             303 South Washington Avenue
                                             Marshall, Texas 75670
                                             Tel:  (903) 934-8450
                                             Fax:  (903) 934-9257

                                             ***Attorneys for Defendant***
                                             ***Oki Data Americas, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 21, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*